SO. CAL. EQUAL ACCESS GROUP
Jason J. Kim (SBN 190246)
Jason Yoon (SBN 306137)
101 S. Western Ave., Second Floor
Los Angeles, CA 90004
Telephone: (213) 252-8008
Facsimile: (213) 252-8009
scalequalaccess@yahoo.com

Attorneys for Plaintiff
KIMBERLY FRAZIER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY FRAZIER,<br><br>        Plaintiff,<br><br>  vs.<br><br>CYRUS G. ETEMAD; and DOES 1 to 10,<br><br>        Defendants. | **Case No.: 2:20-cv-09814 PA (JEMx)**<br><br>**Plaintiff's Memorandum of Points and Authorities in Support of Motion for Default Judgment by Court and Request to Affix Fees**<br><br>Date: May 17, 2021<br>Time: 1:30 p.m.<br>Courtroom: 9A<br><br>Honorable Judge Percy Anderson |

# TABLE OF CONTENTS

**I. PROCEDURAL POSTURE** ................................................................... 1

**II. CONCISE FACTUAL STATEMENT** .................................................. 1

**III. ARGUMENT** ........................................................................................ 1

    A. The Americans with Disabilities Act ............................................... 2

        1. *The Plaintiff is Disabled* ......................................................... 4

        2. *The Defendant's Business is a Public Accommodation* ........ 4

        3. *The Business Presented Physical Barriers* ............................ 4

        4. *Summary* ................................................................................ 5

**IV. THE EITEL FACTORS SUPPORT GRANTING THE MSJ** .......... 6

    A. Possibility of Prejudice to Plaintiff .................................................. 6

    B. The Merits and Sufficiency of the Plaintiff's Claims & Complaint 7

    C. The Sum of Money at Stake ............................................................. 7

    D. The Possibility of Dispute ............................................................... 7

    E. The Possibility of Excusable Neglect .............................................. 7

    F. Policy Favoring Decision on the Merits .......................................... 8

**V. REQUEST TO AFFIX ATTORNEY FEES** ......................................... 8

**VI. CONCLUSION** ..................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*Aldabe v. Aldabe*,
  616 F.2d 1089 (9th Cir. 1980) ................................................................. 6

*Blackwell v. Foley*,
  724 F. Supp. 2d 1068 (N.D. Cal. 2010) ..................................................... 9

*Chapman v. Pier 1 Imports (U.S.) Inc.*,
  631 F.3d 939 (9th Cir. 2011) ................................................................... 4

*City of Riverside v. Rivera*,
  477 U.S. 561 (1986) ................................................................................ 9

*Eitel v. McCool*,
  782 F.2d 1470 (9th Cir.1986) .................................................................. 6

*Geddes v. United Fin.Group*,
  559 F.2d 557 (9th Cir.1977) .................................................................... 6

*Goodwin v. C.N.J., Inc.*,
  436 F.3d 44 (1st Cir. 2006) ..................................................................... 8

*Helen L. v. DiDario*,
  46 F.3d 325 (3rd Cir. 1995) .................................................................... 3

*Independent Living Resources v. Oregon Arena Corp.*,
  982 F.Supp 698 (D. Org. 1997) ............................................................... 3

*PepsiCo, Inc. v. California Sec. Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002) ............................................... 7, 8

*Roberts v. Royal Atlantic Corp.*,
  542 F.3d 363 (2nd Cir. 2008) .................................................................. 3

*Shanghai Automation Instrument Co., Ltd. v. Kuei*,
  194 F. Supp. 2d 995 (N.D. Cal. 2001) ..................................................... 7

*Vogel v. Rite Aid Corp.*,
   --- F.Supp.2d ---, 2014 WL 211789 (C.D. Cal. 2014) ...................... 5, 6, 7
*Wilson v. Haria and Gogri Corp.*,
   479 F.Supp.2d 1127 (E.D. Cal. 2007) ....................................................... 4

**Statutes**

42 U.S.C. § 12102(2)(A) ................................................................................ 4
42 U.S.C. § 12102(a) ..................................................................................... 3
42 U.S.C. § 12181(7)(B) ............................................................................... 4
42 U.S.C. § 12182(a) ................................................................................ 2, 3
42 U.S.C. § 12182(b)(2)(A)(iv) .................................................................... 3
42 U.S.C. § 12188 ......................................................................................... 5
42 U.S.C. § 12188(a) .................................................................................... 3
42 U.S.C. § 12205 ..................................................................................... 2, 8
Cal. Civ. Code § 51(f) ................................................................................... 5
Cal. Civ. Code § 52(a) ............................................................................... 5, 8
Fed. R.Civ.Proc. 8(b)(6) ................................................................................ 6

iii

Plaintiff's Memorandum of Points and Authorities

## I.     PROCEDURAL POSTURE

The complaint was filed in federal court on October 26, 2020. The Proof of Service for Defendant CYRUS G. ETEMAD was filed on February 16, 2021. The Default of Defendant CYRUS G. ETEMAD was taken on March 22, 2021. There are no other defendants in the case.

## II.    CONCISE FACTUAL STATEMENT

Plaintiff is an individual with physical disabilities. Plaintiff suffers from paraplegia caused by spine injury from T9 down. Plaintiff is substantially limited in her ability to walk and requires the use of a wheelchair for mobility at all times when traveling in public. Exhibit 2 (Dec of Plaintiff), paragraph 2. In or around May of 2020, the Plaintiff went to a clothing store ("Business") located at 6744 Laurel Canyon Blvd., North Hollywood, California. *Id.* at paragraph 3. As Plaintiff patronized the business, Plaintiff could not use and enjoy the goods, services, privileges, and accommodations offered at the Business because the Business failed to maintain the parking space designated for persons with disabilities.

Plaintiff personally encountered this problem. This inaccessible condition denied the Plaintiff full and equal access and caused Plaintiff difficulty, discomfort, frustration, or embarrassment.

Plaintiff would like to return to the business but is dissuaded from doing so because of the lack of accessible facilities. As soon as those features of facilities and equipment are made readily accessible to and usable by persons with disabilities, the Plaintiff will be able to patronize the Business again without fear of discrimination.

## III.   ARGUMENT

Rule 55 of the Federal Rules of Civil Procedure allows for judgment to be had in a case of this type when the defendant fails to answer to the Complaint. In this case, Defendant CYRUS G. ETEMAD was served with the Summons and Complaint evidenced by the Proof of Service of Summons on file with this Court. As detailed in the Declaration of Plaintiff's counsel, Defendant CYRUS G. ETEMAD is not an infant or

incompetent person or in military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940.

Defendant CYRUS G. ETEMAD was on notice as to what the Plaintiff was seeking as it was served with the Complaint which references with specificity in Plaintiff's Prayer for Relief the fact that Plaintiff was seeking:

> 1. **For injunctive relief,** compelling Defendant to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.
>
> 2. **Reasonable attorney fees, litigation expenses and costs of suit,** pursuant to 42 U.S.C. § 12205.

See complaint and prayer.

A. **The Americans with Disabilities Act**

Under Title III of the ADA, the general rule is that: "No individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The term "discrimination" is a little misleading:

> Although the term "discrimination" evokes images of active discrimination, e.g., a person is expressly forbidden to enter the premises because of his or her disability, Congress also intended to eliminate more passive forms of discrimination, e.g., a person is physically unable to enter the premises because it lacks a wheel-chair accessible entrance. H.R.Rep. No. 101-485(II) at 99 (1990), reprinted at 1990 U.S.C.C.A.N. 303, 382 (a primary purpose of the ADA is to "bring individuals with disabilities into the economic and social mainstream of American life.")

*Independent Living Resources v. Oregon Arena Corp.*, 982 F.Supp 698, fn. 1 (D. Org. 1997). The scope of the Act covers not only intentional discrimination, but also the

discriminatory effects of "benign neglect, apathy, and indifference." *Helen L. v. DiDario*, 46 F.3d 325, 335 (3rd Cir. 1995) (internal quotations omitted).

To succeed on Plaintiff's Title III, ADA claim, Plaintiff must, "establish that (1) he is disabled within the meaning of the ADA; (2) that the defendant own, lease, or operate a place of public accommodation; and (3) that the defendant discriminated against the plaintiff within the meaning of the ADA." *Roberts v. Royal Corp.*, 542 F.3d 363, 368 (2nd Cir. 2008). Under Title III of the ADA, one form of discrimination is defined as failure to remove architectural barriers unless they are not readily achievable to remove. 42 U.S.C. § 12182(b)(2)(A)(iv). Thus, the following is a simplified statement of the elements necessary for the plaintiff to prove discrimination under this section:

1. The plaintiff must be disabled. 42 U.S.C. § 12102(a);

2. Defendant's facility must be a place of "public accommodation" and, therefore, governed by Title III of the ADA. 42 U.S.C. § 12182(a);

3. Defendant's facility must have had unlawful architectural barriers. 42 U.S.C. § 12182(b)(2)(A)(iv);

4. The plaintiff must have encountered the architectural barrier precluding him full and equal access to the facility. 42 U.S.C. § 12188(a).

In this case, the Plaintiff's civil rights were violated because Defendant CYRUS G. ETEMAD has denied and continues to deny full and equal access to Plaintiff and to other people with disabilities at the Business located at or about 6744 Laurel Canyon Blvd., North Hollywood, California. Plaintiff will discuss each element, seriatim.

**1.** *The Plaintiff is Disabled*

The Plaintiff is an individual with severe mobility impairments who requires the use of a wheelchair for mobility. There can be little doubt that Plaintiff fits the qualification under the Americans with Disabilities Act as a person with a disability. *See* 42 U.S.C. § 12102(2)(A) (Defining a physical impairment substantially affecting a major life activity as qualifying as a disability).

\\\

### 2. *The Defendant's Business is a Public Accommodation*

Stores and other service establishments are expressly identified as places of public accommodation and subject to Title III of the ADA. See 42 U.S.C. § 12181(7)(E).

### 3. *The Business Presented Physical Barriers*

In the present case, the lack of parking space designated for persons with disabilities is a barrier to the Plaintiff. Barriers are determined by reference to the American with Disabilities Act Accessibility Guidelines ("ADAAG"). *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011).

A public accommodation shall maintain in operable working condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. 35.211(a). By failing to maintain the facility to be readily accessible and usable by the Plaintiff, the Defendant is in violation of Plaintiff's rights under the ADA and its related regulations.

Whether or not the removal of these barriers is "readily achievable" is an affirmative defense that is waived unless raised. *Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127, 1133 and fn. 7 (E.D. Cal. 2007) (if a defendant "has failed to plead that barrier removal is not readily achievable in its answer . . . the defense is waived" and, in such circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal….") Here this is not an issue raised in contention. Moreover, the complaint allegation that a defendant failed to meet their barrier removal allegation is sufficient in a default judgment setting. Vogel v. Rite Aid Corp., --- F.Supp.2d ---, 2014 WL 211789, *8 (C.D. Cal. 2014) (compiling cases and holding that a defendant cannot meet their burden on the issue where they fail to appear and defend).

### 4. *Summary*

Plaintiff is disabled. Defendant's business has unlawful barriers. Defendant failed to remove those barriers and violated the American with Disabilities Act. Plaintiff is

entitled to an order requiring Defendant to remove those unlawful barriers. See 42 U.S.C. § 12188. Plaintiff is also entitled to actual attorney fees and costs in the amount of $4,440.00. See 42 U.S.C. § 12205 and see declaration of Jason J. Kim filed contemporaneously with this Motion.

## IV. THE EITEL FACTORS SUPPORT GRANTING SUMMARY JUDGMENT

Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed. R.Civ.Proc. 8(b)(6); *see also*, *e.g.*, *Geddes v. United Fin.Group*, 559 F.2d 557, 560 (9th Cir.1977) (stating the general rule that "upon default[,] the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true"). Nonetheless, "[t]he district court's decision whether to enter a default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471-71 (9th Cir.1986). A consideration of these merits favors granting default judgment.

A.  **Possibility of Prejudice to Plaintiff**

Plaintiff, a profoundly disabled person, has alleged that Plaintiff suffers discrimination due to the Defendant's failure to comply with the ADA, Unruh and CDPA. When a defendant has failed to appear and defend the claims, a plaintiff will be without recourse and suffer prejudice unless default judgment is entered. *Vogel v. Rite*

*Aid Corp.*, --- F.Supp.2d ---, 2014 WL 211789, *3 (C.D. Cal. 2014) (granting a default judgment for a disabled plaintiff suing under the ADA, Unruh and CDPA, relying upon this rationale).

**B.     The Merits of the Plaintiff's Claims and Sufficiency of the Claim**

These two *Eitel* factors are discussed above under section III of this brief. The Plaintiff has sufficiently stated a meritorious claim.

**C.     The Sum of Money at Stake**

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002). "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel*, *supra*, at *8. Here, the Plaintiff only seeks a total of $4,440.00 in attorneys' fees and costs. "Courts frequently grant default judgment in Unruh Act and ADA cases and impose similar financial liabilities on the defendant." *Id.* at *9 (finding $13,739.20 was reasonable and collecting other cases where $10,119.70 and $12,000.00 were also reasonable and, in fact, "a relatively small award of damages" in similar ADA cases).

**D.     The Possibility of Dispute**

Where there is a properly pled and supported complaint and the defendant has failed to oppose the motion, there is "no factual dispute exists that would preclude the entry of default judgment" and this factors "favors the entry of default judgment . . .." *Id.* at *9.

**E.     The Possibility of Excusable Neglect**

While there is always a "theoretical possibility" that the defendant might show up claiming excusable neglect, where the defendants "were properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," this factor favors entry of default judgment. *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

### F. Policy Favoring Decision on the Merits

"Cases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. The fact that Rule 55(b) exists demonstrates that "this preference, standing alone, is not dispositive." *PepsiCo*, 238 F.Supp.2d at 1177 (reasoning that "Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible"). Given that the Defendant failed to appear and defend, the seventh *Eitel* factor does not preclude the entry of default judgment.

## V. REQUEST TO AFFIX ATTORNEY FEES

The Plaintiff's rights were violated under Title III of the American with Disabilities Act. Under Title III of the ADA, a prevailing plaintiff is entitled to an award of reasonable attorney fees. See 42 U.S.C. § 12205. With these cases, it is inappropriate to use the default fee schedule under Local Rule 55.

First, a cause of action under Title III of the ADA does not allow for damages. *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 50 (1st Cir. 2006) ("money damages are not an option for private parties suing under Title III of the ADA."). Thus, a reasonable attorney fee award cannot be calculated in a Title III ADA case by reference to the Local Rule schedule. Because the sole remedy under this particular cause of action is equitable, one cannot calculate the "amount of judgment to arrive at a fee award. In other words, because the plaintiff is entitled to injunctive relief under the ADA—not damages—the amount of a "reasonable" fee cannot be determined by the schedule. "Indeed, in lawsuits under the ADA itself (unlike the California Civil Rights statutes), only injunctive relief is available and no damages are available. ADA Title III damages are always zero; yet Congress specifically offered statutory attorney fees as incentive to encourage attorneys to handle these important cases." *Blackwell v. Foley*, 724 F. Supp. 2d 1068, 1077 (N.D. Cal. 2010).

Second, it would be inappropriate to use the local rule fee schedule to determine a reasonable fee for pursuing these civil rights claims. The fee schedule creates a

proportionality rule between damage recovery and attorney fee award. This has been expressly rejected by the Supreme Court for use in civil rights cases. See *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986) ("A rule of proportionality would make it difficult, if not impossible, for individuals with meritorious civil rights claims but relatively small potential damages to obtain redress from the courts. This is totally inconsistent with Congress' purpose…."). As one federal court noted, "damages are not considered the primary purpose of California laws protecting physically disabled persons." *Blackwell*, 724 F.Supp.2d at 1077. "If fees were limited by the amount of damages, no matter how meritorious the clients' claims might be, attorneys simply would not take these cases. This would be contrary to legislative determinations that statutory attorney fees should encourage attorneys to represent disabled persons." *Id*.

In sum, it is simply inappropriate to tie the amount of recoverable attorney's fees to the amount of monetary recovery in these small dollar civil rights cases. The Plaintiff requests this Court affix the attorney fees.

## VI. CONCLUSION

The Plaintiff respectfully request this Court grant Plaintiff's motion for default judgment and issue the proposed judgment.

Dated: April 21, 2021　　　　　　　　　SO. CAL. EQUAL ACCESS GROUP


By:　　/s/ Jason J. Kim_____
　　　Jason J. Kim, Esq.
　　　Attorneys for Plaintiff